John E. PARKINSON, Petitioner—
Appellee,

v.

Steven J. CAMBRA, Jr., Warden;
Rosanne Campbell, Warden,
Respondents—Appellants.

No. 03–16479.

D.C. No. CV–01–00103–LKK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 17, 2004.

Decided July 1, 2004.

---

* The Honorable Richard D. Cudahy, Senior United States Court of Appeals Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

George J. Cotsirilos, Jr., Esq., Cotsirilos & Campisano, San Francisco, CA, for Petitioner–Appellee.

Aileen Bunney, Esq., Morris Beatus, Esq., Office of the Attorney General, San Francisco, CA, for Respondents–Appellants.

Before HUG, CANBY, and TALLMAN, Circuit Judges.

MEMORANDUM *

Cambra (the State) appeals the district court's grant of John Parkinson's 28 U.S.C. § 2254 habeas petition. The district court granted habeas relief on three grounds: (1) prejudicial juror misconduct, (2) juror bias, and (3) ineffective assistance of counsel. Because the district court failed to accord proper deference to the state trial and appellate courts' factual findings and their application of federal law under 28 U.S.C. § 2254(d) & (e), we reverse.

I

Because Parkinson's petition was filed after April 24, 1996, the amendments to 28 U.S.C. § 2254 under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply. *Benn v. Lambert,* 283 F.3d 1040, 1051 (9th Cir.2002). Federal

courts may not grant habeas relief unless the record shows that the state court determination was based on an unreasonable determination of the facts or that the application of constitutional principles to the facts was objectively unreasonable under United States Supreme Court authority. 28 U.S.C. § 2254(d) & (e). We review de novo the district court's grant of a petition for writ of habeas corpus. *Williams v. Taylor,* 529 U.S. 362, 384, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

## II

■ The State challenges the district court's determination that Juror A engaged in prejudicial misconduct. Juror misconduct occurs when a juror introduces into the jury's deliberations a matter which was not in evidence or in the instructions. *See Thompson v. Borg,* 74 F.3d 1571, 1574 (9th Cir.1996). "No bright line test exists to assist courts in determining whether a petitioner has suffered prejudice from juror misconduct. We therefore place great weight on the nature of the extraneous information that has been introduced into deliberations." *Mancuso v. Olivarez,* 292 F.3d 939, 950 (9th Cir. 2002) (internal citations and quotation marks omitted) (setting forth a five-factor test to evaluate extraneous information). Furthermore, we cannot grant habeas relief on a juror misconduct claim unless we are convinced that the alleged error had a substantial and injurious effect on the verdict. *See id.* at 949.

The record shows that Juror A injected, at most, two extraneous statements into jury deliberations: that Parkinson administered antibiotics in a manner that deviated from the standard of care, and that if Parkinson was administering estrogen subcutaneously with the insulin needle the accusers would have experienced irritation, and thus he may have been administering

another fluid. In light of the overwhelming evidence of guilt, we are not convinced that these statements had a substantial and injurious effect on the verdict. *See id.* at 949–52; *see also Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Because the state appellate court's determination that Parkinson was not prejudiced by these extraneous statements was not contrary to Supreme Court precedent, we reverse the district court's finding of prejudicial misconduct.

## III

■ The State next challenges the district court's grant of habeas relief on juror bias grounds. Here, the trial court conducted an evidentiary hearing in consideration of a state post-conviction challenge by Parkinson and concluded that Juror A was not biased. The district court rejected the state trial court's conclusion that Juror A was not biased, finding that it was objectively unreasonable under 28 U.S.C. § 2254(d)(1). But· the state trial court made an express factual finding crediting Juror A's hearing testimony and discrediting various aspects of the other witnesses' testimony claimed by Parkinson to be inconsistent. These factual findings are presumed correct under § 2254(e)(1) unless rebutted by clear and convincing evidence. Parkinson did not rebut the trial court's finding of credibility. Under § 2254(d) & (e)(1), the district court's determination that Juror A was not credible and was biased failed to accord proper deference to the state trial court's findings as AEDPA requires. Accordingly, we reverse the grant of habeas relief on this ground.

## IV

■ Finally, the State challenges the district court's determination that Parkinson received ineffective assistance of coun-

sel. The district court held that the California Court of Appeal's determination that Parkinson's counsel was not constitutionally defective constituted an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To succeed in establishing a claim of constitutionally ineffective assistance of counsel, Parkinson must demonstrate: (1) that his trial counsel's performance was deficient, meaning that counsel's representation fell below an objective standard of reasonableness in light of all the circumstances, and (2) that counsel's deficiency prejudiced him. *See id.* at 687–88, 104 S.Ct. 2052. When considering the first prong, the reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. Strategic decisions by counsel made after sufficient investigation are "virtually unchallengeable." *Id.* at 690, 104 S.Ct. 2052. As to the second prong, prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Parkinson has failed to make this showing. Trial counsel faced a situation in which the jury was certain to learn that Parkinson's license had been restricted to forbid him from treating women, and that his license was thereafter revoked. Trial counsel identified a two-fold strategy for eliciting the evidence regarding the prior allegations of sexual misconduct against Parkinson. First, he tried to draw an analogy between the allegations presented to the Medical Board and the allegations presented at trial. Although the Medical Board made a finding of gross negligence, it specifically refused to find sexual mis-

conduct, which was a required finding for the criminal charges. Second, by eliciting testimony regarding the accusers' knowledge of the prior allegations before the Medical Board, he attempted to insinuate that the accusers had copied those allegations in order to further their civil suit for monetary damages against Parkinson.

The California Court of Appeal's determination that this was a reasonable, tactical decision did not constitute an unreasonable application of *Strickland* under § 2254(d)(1). Because the district court failed to give proper deference to the state appellate court's legal conclusion, we reverse the grant of habeas relief.

REVERSED AND REMANDED.